Deaderick, Ch. J.,
delivered tbe opinion of tbe court:
Mary Hixon obtained a verdict for damages sustained by a fall upon a sidewalk of tbe city, of twelve hundred and fifty dollars. Tbe court refused a new trial, and defendant bas appealed in error to this court.
Plaintiff below bad, upon a former trial, obtained a verdict for $1,200, which, upon appeal to this court, was reversed, and tbe cause remanded for a new trial. The obligation of a municipal corporation to keep its streets and sidewalks in repair, so as not to endanger persons who are in tbe proper use of them, bas been declared and established by repeated decisions of this court. [Hill v. State, 4 Sneed, 446; [State v. Murfreesboro], 11 Hum., 217; [State v. Barksdale], 5 Hum., 154. And for a failure in tbe performance of this duty, it is liable to damages for any injury resulting therefrom. [Memphis v. Lasser, 9 Hum., 757; [Nashville v. Brown], 9 Heis., 2; [Niblett v. Nashville], 12 Heis., 684.
The declaration avers that the street and sidewalk upon which the injury occurred, were, by the accumulation of earth, dirt, and water, rendered unsafe for persons to pass and repass, etc.
The city, by its counsel, insists that the evidence does not support the verdict, and that there was error in the charge of the court.
The referees, in their report, recommend a reversal of the judgment upon the ground that the evidence does not sustain the verdict.
It appears from the record that the lot upon which the-sidewalk runs is situated upon Depot street, and belongs to a nonresident of the state, and that curbing was planted upon the street in 1870 (the grading was done in 1867 or 1868), preparatory to laying down a pavement, as required by the city ordinance. It also appears that the attention of the board of aldermen had been called to the propriety of providing a pavement for this locality. The matter thus *136 rested from 1870 to 1876, when the accident occurred which gave rise to this suit.
A number of witnesses testify that the locus in quo was level, but in wet weather the water would wash a slippery clay in the way; that two planks were laid upon the walkway by the agent of the owner, and the water would wash mud upon these and make them slippery, and they became loose from their fastenings at the ends, and when stepped on would sink. A number of witnesses testified that they had slipped or fallen in passing over these planks, or had seen others dp so; that the way was safe in dry weather, but not for some time after a rain; while others testified that a person using ordinary caution could go over in safety.
The plaintiff below testified that in November, 1876, as she was passing over this walk she fell and broke her wrist just above the hand; that she stopped and meditated whether she should go over, and saw that the way had been traveled and beaten slick; she had frequently passed over it, and slipped and fell because the mud and plank were slippery; that she did not go around the .way because of the mud.
The court charged the jury if plaintiff sustained the injury to her person by reason of negligence of defendant, in failing to keep one of the sidewalks jn repair, and which was the proximate cause of the injury, she would be entitled to recover, but if she received the injuries as the result of negligence in failing to exercise ordinary care and caution in passing over the sidewalk, she could not recover, and the jury should find for the defendant. The court also instructed the jury that it was the duty of defendant to keep the public streets and sidewalks of the city of Knoxville, in reasonable repair for the use of the public passing over them in the usual way, and that it was the duty of persons passing over them to exercise ordinary care and caution for their own safety.
*137 This charge is correct, and the. only question upon this branch of the case is, is there evidence of negligence of duty upon the part of the city in failing to keep the sidewalk in proper repair so that persons, by ordinary prudence, might safely pass over it. Upon this point there was evidence pro and con, which was fairly left to the jury, and their verdict finds sufficient evidence in the record, in our opinion, to sustain it. A number of witnesses testify that for some time after a rain it was a difficult and unsafe way. For more than six years the curbing had been planted, and efforts were made to have the pavement laid, which would have cured all difficulty in the passage. The city, with ample power to make the passage safe and convenient at all times, neglected this duty, and the jury have found that the plaintiff was guilty of no want of care or caution.
It is further insisted that the court erred in instructions to the jury upon the measure of damages, and that the charge, in effect, authorized the jury to give vindictive damages.
We do not so understand the charge. The court said the jury might render a verdict, if they found for the plaintiff, for any sum warranted by the proof, not to exceed the amount claimed in the declaration, and in assessing damages they should look to the nature and extent of the injury, necessary physician’s fees and expenses incident-to tho injury, loss of time, bodily and mental suffering by reason of the injuries sustained. There is nothing in the charge from which the jury could infer they were to give other than compensatory damages. The injury is shown by her physician to be probably permanent, disabling plaintiff from the free use of the hand in her 'business as dressmaker, and in domestic duties, and it is not manifest to us that in such a case the damages were excessive.
Let the judgment be affirmed.